IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED, BY AND THROUGH BARBARA SALISBURY, ADMINISTRATOR OF THE ESTATE OF DANIEL EDWARD SHANNON, III, | § § § § § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § CIVIL ACTION NO. B-04-088 |
| | § |
| | § |
| HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR CO., INC. & GILLMAN HONDA n/k/n GILLMAN, LTD., | § § § |
| | § |
| Defendants. | § § |

## DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Now comes American Honda Motor Co., Inc. ("AHM"), Defendant in a cause styled,

*The Estate of Daniel Edward Shannon, III, Deceased, By and Through Barbara Salisbury,*

*Administrator of the Estate of Daniel Edward Shannon, III v. Honda Motor Company, Ltd.,*

*American Honda Motor Co., Inc. & Gillman Honda n/k/n Gillman, Ltd.,* originally pending as

Cause No. 2004-04-2321-B in the 138th Judicial District Court of Cameron County, Texas, and

pursuant to the terms and provisions of 28 U.S.C.A. §§ 1441(a) and 1446(b), hereby

respectfully files this Notice of Removal of said cause to the United States District Court for the

Southern District of Texas, Brownsville Division, and as grounds therefore would respectfully

show the Court as follows:

# I.
## NATURE OF THE CASE

This products liability action arises out of an automobile accident on May 1, 2002. According to the plaintiffs, the incident involved a 1992 Honda Civic. The action was originally commenced in the 138th Judicial District Court of Cameron County, Texas, on the 30th day of April, 2004, by the filing of Plaintiffs' Original Petition. Plaintiffs' Original Petition was never served on AHM. Plaintiffs filed their First Amended Original Petition on May 6, 2004. Plaintiffs' First Amended Original Petition was served on AHM, by certified mail, through its registered agent, CT Corporation System, on the 10th day of May, 2004. AHM is filing its Notice of Removal in the 138th Judicial District Court of Cameron County, Texas, on the same day of its filing in the United States District Court, Southern District of Texas of this Notice of Removal.

# II.
## DIVERSITY JURISDICTION

This action is removed pursuant to 28 U.S.C.A. §1441, by AHM to the district court of the United States for the district and division embracing the place where this action is pending. In support of this notice, AHM would show that there is complete diversity of citizenship between the plaintiffs and the one properly-joined defendant (see Sections A and B, below) as plaintiffs and the defendant are citizens of different states, and the amount in controversy exceeds $75,000.00. Removal is appropriate as it has been sought within (30) thirty days after service of Plaintiffs' First Amended Original Petition on AHM, on May 10, 2004, and because it has been less than one year since this action was originally commenced. *See* 28 U.S.C.A. §1446(b).

## A.    DIVERSITY OF CITIZENSHIP

At the date of filing of this action and at all times thereafter, up to and including the present, plaintiffs are individuals residing in Texas, and AHM is a corporation duly organized under the laws of the State of California with its principal place of business in California.  As set forth below, the other defendant that has been served, Gillman Honda n/k/n Gillman, Ltd. ("Gillman"), has been fraudulently joined in an attempt to defeat this Court's diversity jurisdiction.    Specifically, Texas law has been amended to prevent dealerships from being liable merely for selling an automobile.  Plaintiffs' First Amended Original Petition alleges no independent causes of action against Gillman and simply names the dealership as the entity that sold the subject 1992 Honda Civic. Therefore, since there is no chance of recovery against Gillman, its state of citizenship should be disregarded by the Court in determining the propriety of removal.  Accordingly, complete diversity of citizenship exists between the plaintiffs and the one properly-joined defendant.

### 1.    STANDARD OF REVIEW IN FRAUDULENT JOINDER CASES

To determine whether a party is fraudulently joined for diversity purposes, after all ambiguities in the controlling state law are resolved in favor of the non-removing party, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned.  *See LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992); *Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S. Ct. 60 (1990); *Alter v. Bell Helicopter Textron, Inc.,* 944 F. Supp. 531, 536 (S.D. Tex. 1996).  If, after resolving all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party, there is no possibility of recovering against the

non-diverse defendants, then "those defendants that have been fraudulently joined must be ignored for purposes of diversity jurisdiction." *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). In making this determination, the Court is empowered to look to facts outside of the pleadings as it would in ruling on a motion for summary judgment. *See Burden*, 60 F.3d at 217; *Alter*, 944 F. Supp. at 536.

### 2.   THERE IS NO POSSIBILITY OF RECOVERY AGAINST THE TEXAS DEFENDANT

There is no possibility that plaintiffs would be able to recover against the Texas defendant, Gillman, on his cause of action against this defendant. As part of the sweeping tort reforms that came about as a result of the 2003 Legislative Session in Texas, Section 82.003 of the Texas Civil Practices and Remedies Code was amended. The new Section 82.003, which took effect on July 1, 2003, provides that a seller of a product is no longer strictly liable simply for being in the chain of distribution for defective products. A seller is only liable under the following exceptions:

(a) The seller participated in the design of the product;

(b) The seller altered the product in such a way as to cause the damages;

(c) The seller installed or assembled the product incorrectly causing damage;

(d) The seller controlled the content of deficient warnings and the harm resulted from the deficient warnings;

(e) The seller made false factual representations or warranties about the product and the injury would not have occurred had the representations been true;

(f) The seller "actually" knew the product was defective; or,

(g) The manufacturer is either insolvent or not subject to the court's jurisdiction.

See TEX. CIV. PRAC. & REM. CODE § 82.003.

Therefore, a product seller is no longer strictly liable for distributing a defective product unless the manufacturer is insolvent or not subject to jurisdiction in Texas courts. Otherwise, a plaintiff must establish an independent act by the seller, other than simply distributing the product, that was a cause of the claimed damages. Under the new Section 82.003 of the Texas Civil Practices and Remedies Code, Gillman cannot be held liable in this capacity. See TEX. CIV. PRAC. & REM. CODE § 82.003. Therefore, since plaintiffs have no possibility of recovery from Gillman, it must be ignored for the purposes of analyzing whether diversity jurisdiction exists in this lawsuit.

**B.    AMOUNT IN CONTROVERSY**

Plaintiffs' First Amended Original Petition filed in the state court action does not allege a specific amount of damages. However, it is clear from the face of the petition that plaintiffs intend to seek compensatory damages in excess of this Court's jurisdictional $75,000.00 minimum in diversity cases. Specifically, plaintiffs allege a wrongful death cause of action and seek punitive damages. Therefore, it is not disputed that the amount in controversy is sufficient for this Court to exercise diversity jurisdiction.

**III.**
**TIMELINESS**

By reason of the foregoing, AHM desires, this cause removed to the United States District Court for the Southern District of Texas, Brownsville Division. Counsel for AHM would show that this removal is timely sought and that this notice is filed within thirty (30) days of the date AHM was served with Plaintiffs' First Amended Original Petition. The

30-day deadline to file a notice of removal is not triggered until the defendant is formally served with the pleading and summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999). Further, it has been less than one year since this action was originally commenced. *See* 28 U.S.C.A. §1446(b).

## IV.
### CONCLUSION

All conditions and procedures for removal have been satisfied. Pursuant to Local Rule 81, defendant attaches hereto copies of all executed process, pleadings, orders and docket sheet in said action as well as an index of matters being filed and list of counsel of record. Defendant would show that it has filed with the Clerk of the District Court of Cameron County, Texas, a true copy of this notice simultaneously with the filing hereof in this Court. AHM will also promptly give written notice of the filing of this notice of removal to plaintiffs.

Respectfully submitted,

Jeffrey S. Hawkins (Attorney in Charge)
State Bar No. 09249100
Southern District of Texas Bar No. 8962
Direct Dial No. (210) 477-7402

David M. Prichard (Of Counsel)
State Bar No. 16317900
Southern District of Texas Bar No. 0616
Direct Dial No. (210) 477-7401

PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Telefax: (210) 477-7450

ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.

### CERTIFICATE OF SERVICE

This to certify that a true and correct copy of the foregoing has been forwarded this 27th day of **May, 2004**, via *certified mail, return receipt requested,* to the following:

Mr. R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

Jeffrey S. Hawkins

```
                                                      PAGE: 01

                                                      2004-04-002321-B

                                                      04      30      04

* * * * C L E R K ' S   E N T R I E S   * * * *

                                        (01)

                                        WRONGFUL DEATH

D SHANNON, III ET AL

         00002401
         HON. RON W. ARMSTRONG
         2600 OLD ALICE ROAD, SUITE A
         BROWNSVILLE, TX.       78521 0000

, LTD., ET AL

04/30/04  ORIGINAL PETITION FILED
04/30/04  JURY FEE: Pd. by HON. RON W. ARMSTRONG
05/06/04  PLFS' FIRST AMENDED ORIGINAL PETITION
          (RMOCHOA)
05/06/04  CITATION: HONDA MOTOR COMPANY
05/06/04     SERVED: 05/10/04    FILED: 05/18/04
05/06/04  CITATION: AMERICAN HONDA MOTOR CO.,
          INC.
05/06/04     SERVED: 05/11/04    FILED: 05/18/04
05/06/04  CITATION: GILLMAN HONDA
05/06/04     SERVED: 05/10/04    FILED: 05/18/04
```

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

MAY 2 0 2004

BY _Reynaldo Lopez Jr._
                    DEPUTY

DISTRICT COURT * TEXAS * CAMERON COUNTY

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq # **COPY** 01

No. <u>2004-04-002321-B</u>

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>AMERICAN HONDA MOTOR CO., INC.</u>
<u>SERVING ITS REGISTERED AGENT</u>
<u>C.T. CORPORATION SYSTEM</u>
<u>350 NORTH ST. PAUL STREET</u>
<u>DALLAS, TEXAS 75201</u>

the <u>     DEFENDANT     </u>, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>138th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said <u>FIRST AMENDED PETITION</u>  was filed on <u>  MAY 06, 2004  </u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2004-04-002321-B</u>.

The style of the case is:

<u>THE ESTATE OF DANIEL EDWARD SHANNON, III ET AL</u>
<u>VS.</u>
<u>HONDA MOTOR COMPANY, LTD., ET AL</u>

Said petition was filed in said court by <u>     HON. RON W. ARMSTRONG     </u>
(Attorney for <u>          PLAINTIFF          </u>), whose address is
<u>2600 OLD ALICE ROAD, SUITE A   BROWNSVILLE, TX.  78521</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>6th</u> day of <u>  MAY  </u>, A.D. <u>2004</u>.

## R E T U R N   O F   O F F I C E R

Came to hand the ___7th___ day of ___May___ , ___2004___ , at ___11:00___ o'clock ___A___.M., and

executed (not executed) on the _____ day of _____ , ____ , by delivering to ~~American Honda Motor Co., Inc. Serving its~~ ___American Honda Motor Co., Inc. Serving its___ ___Via certified mail # 7003 1010 0003 6960 4710___ ___registered agent CT Corporation System___ ~~in person~~ a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _____ .


Cause of failure to execute this citation is: _____

_____


FEES serving 1 copy      ___Civil___
                         ___Private Process Server___
Total....... $_____  ~~Sheriff/constable~~ ___Cameron___ County,

Fees paid by:_____   By ___Rogerio G. Lopez___ Deputy
                                  ___Rogerio G. Lopez___

# CERTIFIED COPY

10.     Based on the duties owed by Defendants to Plaintiffs, Defendants committed various acts and were guilty of various omissions which were negligence and gross negligence and which were a proximate cause of the injuries and damages suffered by Plaintiffs in an amount in excess of the minimum jurisdictional limits of the Court and for which they sue. Each of these negligent acts or omissions, taken singularly or in combination with others, either named herein or as yet unknown to Plaintiffs, were the proximate cause of the damages suffered by Plaintiffs and for which they sue.

## VII.

11.     Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

12.     At all times material hereto Defendant **GILLMAN, LTD.,** was a dealer in motor vehicles. At all such times Defendant **HONDA AND AMERICAN HONDA** were manufacturers of such vehicles and held itself out to the public as having knowledge or skill peculiar to the business of vehicle manufacture and design. Both Defendants, as merchants, expressly and impliedly warranted that the vehicle purchased by **DANIEL EDWARD SHANNON, III** was merchantable and fit for safe use as transportation. Particularly, Defendants warranted that the vehicle would be reasonably fit for the ordinary purpose for which it was to be used and would pass without objection in the trade.

13.     At the time it was manufactured and at all times thereafter, the vehicle in question was not as warranted, but was defective as herein described. It was not fit for the purpose for which it was to be used, and it would not pass without objection in the trade.

14.     Pursuant to Sections 2.313, 2.314 and 2.315 Texas Business and Commerce Code, Ann. (UCC) and other applicable law, Defendants have breached both expressed and implied warranties in the sale and marketing of the vehicle in question.

15.     Defendant **HONDA AND AMERICAN HONDA**, acting through its agent Defendant **GILMAN LTD,** and any other sellers of the vehicle knew the purpose for which the vehicle in question was to be used and knew that purchasers such as **DANIEL EDWARD SHANNON III,**

SCANNED

MAY 0 7 2004

# CERTIFIED COPY

was relying on Defendants' alleged skill and judgment to select and furnish a suitable vehicle for use by consumers and drivers.

16.    The vehicle was defective and unfit for the use for which it was intended and contemplated by drivers of the vehicle.    Moreover, such vehicle would not pass without objection in trade or commerce and would not pass without objection from any buyer learning of its particular defect, considering the description of the vehicle provided by Defendants.

17.    By reason of the breaches of warranty by Defendants, Plaintiffs have been damaged in an amount, which exceeds the minimum jurisdictional limits of the Court and for which they sue.

## VIII.

18.    Plaintiffs incorporate by reference as if set forth at length all of the above set forth factual allegations.

19.    At the time that the vehicle in question was advertised and sold there was no warning given as to the defects in the vehicle or that they could cause injuries and/or death such as those which were suffered by Plaintiffs. The failure by Defendants to provide such warnings was a proximate cause of the death for which Plaintiff sue in an amount in excess of the minimum jurisdictional limits of the court.

## IX.

20.    Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

21.    Plaintiffs would show that the 1992 Honda Civic vehicle in question was in substantially the same condition and had undergone no substantial change on the day of the accident and on the day in which it was sold. The vehicle had never been altered. Plaintiffs therefore invoke the Doctrine of Strict Liability in Tort as set forth in Section 402A, Restatement (Second) of Torts

SCANNED

MAY 0 7 2004

(1965) and other applicable law. Defendants placed said vehicle into the stream of commerce herein. At all times material hereto the vehicle was in a defective and unreasonably dangerous condition, as hereinabove alleged, and which condition was the producing cause of the damages suffered by Plaintiffs herein.

## X.
## RES IPSA LOQUITUR

22.    Plaintiffs re-allege herein the factual allegations set forth above in their entirety.

23.    Plaintiffs cannot more specifically allege the acts of negligent manufacture of design on the part of Defendant Honda for the reason that facts in that regard are peculiarly within the knowledge of these Defendants, and, in the alternative, in the event Plaintiffs are unable to prove specific acts of negligent design or manufacture, Plaintiffs rely on the doctrine of res ipsa loquitur. In this connection, Plaintiffs will show that the design, manufacture, and inspection of the 1992 Honda Civic vehicle in question was within the exclusive control of Defendants HONDA, AMERICAN HONDA and GILMAN LTD. Plaintiffs have no means of ascertaining the method or manner in which the product was designed and manufactured, or of ascertaining whether each part was in a safe condition and it came into the possession of Plaintiff Shannon and came to be used by Plaintiff Shannon in the same condition it was in when it left the control of these Defendants.

24. The occurrence causing harm to all Plaintiffs, as described above, was one, which, in the ordinary course of events, would not have occurred without negligence on the part of all or any one of the herein named Defendants. Thus, these Defendants were negligent in the design, manufacture, and marketing of the 1992 Honda Civic vehicle which negligence was a proximate cause of the death suffered by Plaintiff

SCANNED



MAY 17 2006

# CERTIFIED COPY

## XL

25.    Plaintiffs incorporate herein by reference as if set forth at length all of the above set forth factual allegations.

26.    Plaintiffs allege moreover that the conduct of Defendant HONDA as herein alleged as well as other acts and omissions as yet unknown to Plaintiffs were committed intentionally, recklessly and with total disregard for the rights, welfare and safety of Plaintiffs. Plaintiffs allege further that the actions and inactions of Defendant as well as the entirety of the circumstances surrounding the acts and omissions of Defendant either known or as yet unknown, establish a state of mind amounting to an actual conscious indifference for the rights, welfare, and safety of Plaintiffs herein in that such conduct amounts to more than a momentary thoughtlessness, inadvertence, or error of judgment. All such conduct constitutes gross negligence, which entitles Plaintiff to a recovery of exemplary damages as may be determined by the trier of fact and for which they sue.

27.    Defendant HONDA was aware of the unreasonable risk of harm that their vehicles posed to those using said vehicles, but have done nothing to design and manufacture vehicles to reduce the risk of harm or to warn of the risks involved in the use of such vehicles. Defendant HONDA has acted with heedless and reckless disregard to the rights and welfare of the public, which conduct demonstrates a conscious indifference to the safety of others, and for which the imposition of exemplary damages is warranted. Moreover, Plaintiffs would show Defendant's conduct was specifically intended by Defendant to cause substantial injury to Plaintiffs, all of which conduct constitutes malice for which Plaintiffs are entitled to the imposition of exemplary damages as may be found by the trier of fact without limitation, and for which they sue.



SCANNED

MAY 0 7 2004

**CERTIFIED COPY**

28.    As a direct and proximate result of Defendant's conduct, Daniel Edward Shannon III, died instantly at the scene of the accident.

For all such damages, Plaintiffs sue in an amount in excess of the minimum jurisdictional limits of this Court.

# XII.

29.    As a result of the negligence, gross negligence, negligence per se and breach of warranty and all of the wrongful conduct alleged herein on the part of Defendants, which resulted in the untimely death of DANIEL EDWARD SHANNON, III, as set forth above, Plaintiffs have suffered damages, for which Defendants are liable and strictly liable in an amount in excess of the minimum jurisdictional limits of this Court.

### XIII.
### DAMAGES TO DECEDENT

30.    As a direct and proximate result of Defendants' negligence, Decedent **Daniel Edward Shannon, III,** suffered massive injuries to the head, neck, back and other parts of his body, including a severely fractured skull. Decedent's entire body was bruised, battered, and lacerated, and Decedent suffered extreme shock to his entire nervous system as a direct result of the impact of the Defendants' vehicle. As a proximate result of this violent collision and the serious and massive injuries inflicted upon Decedent by the negligence and extremely careless, willful, and malicious actions of Defendants as described above, Decedent died at the collision site.

### XIV.
### DAMAGES TO PLAINTIFFS

31.    As a result of Defendants' negligence, gross negligence, negligence per se and breach of warranty and all of the wrongful conduct alleged herein on the part of Defendants they are liable jointly and severally to **BARBARA SALISBURY, ADMINISTRATOR OF THE ESTATE OF DANIEL EDWARD SHANNON, III, AND TO DANIEL EDWARD SHANNON, JR.,** for the following injuries and damages suffered by them:

**SCANNED**

MAY 0 7 2004

## CERTIFIED COPY

CAUSE NO. *200404-2321-B*

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD | § | IN THE DISTRICT COURT OF |
| SHANNON, III, DECEASED, BY AND | § | |
| THROUGH BARBARA | § | |
| SALISBURY ADMINISTRATOR of the Estate | | |
| OF DANIEL EDWARD SHANNON,III | § | |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| HONDA MOTOR COMPANY, LTD., | § | |
| AMERICAN HONDA MOTOR CO., INC., | § | |
| & GILLMAN HONDA n/k/n GILLMAN, LTD | § | *138* JUDICIAL DISTRICT |



FILED __5:00__ O'CLOCK __P__ M
AURORA DE LA GARZA, CLERK
APR 3 0 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
*Jessica Kim* DEPUTY

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED by and through BARBARA SALISBURY AS ADMINISTRATOR DANIEL EDWARD SHANNON, JR.,** and files this their Plaintiffs' Original Petition pursuant to 71.004 Tex.Civ.Prac.Rem.C. for the wrongful death of DANIEL EDWARD SHANNON, III, Deceased, hereinafter referred to as "Plaintiffs" complaining of Defendants **HONDA MOTOR COMPANY, LTD.,** (hereinafter Defendant "*HONDA*"); **AMERICAN HONDA MOTOR CO., INC.** (hereinafter Defendant "*AMERICAN HONDA*"), **& GILLMAN HONDA n/k/n GILLMAN, LTD** (hereinafter Defendant "*GILLMAN*"), and for cause of action would respectfully show the following:

### I.

### PARTIES

a.   Plaintiff Barbara Salisbury as administrator of the estate of **DANIEL EDWARD SHANNON, III, AND AS NEXT FRIEND OF DANIEL EDWARD SHANNON, JR.,** and are entitled to bring this action pursuant to Civil Practice & Remedies Code Section 71.004 *et seq.*

**SCANNED**
~~MAY 1 8 2004~~

# CERTIFIED COPY

b.   Defendant **HONDA MOTOR COMPANY** is a Japanese corporation authorized to do business and doing business in the State of Texas. Defendant **HONDA MOTOR COMPANY** also does business in the State of Texas. Defendant may be served with process by serving its registered agent C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

c.   Defendant **AMERICAN HONDA MOTOR CO., INC.,** is a California corporation authorized to do business and doing business in the state of Texas. Defendant may be served with process by serving its registered agent C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

d.   Defendant GILLMAN HONDA now known as GILLMAN, LTD., is in the business of selling Honda automobiles in Houston, Harris County, Texas. GILLMAN LTD., may be served with process through its registered agent Mr. Ramsey H. Gillman, 10595 West Sam Houston Parkway South, Houston, Texas 77099. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

## II.
## JURISDICTION AND VENUE

This action is brought within the time provided by law for the wrongful death of **DANIEL EDWARD SHANNON, III,** Deceased, who died as a result of an accident, which occurred on or about May 1, 2002, near Los Fresnos, Cameron County, Texas. Plaintiffs are also entitled to bring this action on behalf of all those entitled to recover pursuant to *71.004 Tex.Civ.Prac.Rem.C. for the wrongful death of **DANIEL EDWARD SHANNON, III.** This action is maintained pursuant to *71.001 et. seq. Tex.Civ.Prac.Rem.C. for the wrongful death of **DANIEL EDWARD**

SCANNED

MAY 1 0 2004

# CERTIFIED COPY

SHANNON, III , Deceased who died as a result of the accident which occurred on or about May 1, 2002, and under *71.021 Tex.Civ.Prac.&Rem.C. on behalf of the Estate of **DANIEL EDWARD SHANNON, III**, Deceased. Liability under the Act is established pursuant to *71.002(a), (b), and (d).

3.     Venue is properly maintained in Cameron County, Texas, pursuant to Sections 15.002, 15.005 and 15.006 Civil Practice & Remedies Code Annotated (1996).

## III.
## FACTS COMMON TO ALL CAUSES OF ACTION

4. On or about May 1, 2002, **DANIEL EDWARD SHANNON, III**, *(the driver)* was traveling northbound on FM 1847 approaching the intersection of Kretz Rd. in Los Fresnos, Texas, in his 1992 Honda Civic.

5. **DANIEL EDWARD SHANNON, III**, suddenly became involved in a violent collision, which caused his untimely death due to the uncrashworthiness of his 1992 Honda Civic

6. At all times relevant herein, the vehicle **DANIEL EDWARD SHANNON, III**, was driving was owned by **DANIEL EDWARD SHANNON, III**.

7. Furthermore, the 1992 Honda Civic vehicle in question was defective and unreasonably dangerous at the time it was sold by Defendants and placed into the stream of commerce. The 1992 Honda Civic was designed, manufactured and sold by Defendant **HONDA**, and was sold by Defendant Gillman, to the deceased **DANIEL EDWARD SHANNON, III**.

## IV.

8. Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

9. Defendants HONDA AND AMERICAN HONDA and GILLMAN, LTD, were negligent, grossly negligent and negligent per se in the design, manufacture, marketing and sale of the vehicle in question, in their failure, refusal, and neglect to provide post marketing notices of the dangerous condition of the vehicle even when it was known that the vehicle was defective. The negligence.

SCANNED
MAY 1 0 2004

# CERTIFIED COPY

gross negligence and negligence per se of these Defendants was a proximate cause of the death suffered by **DANIEL EDWARD SHANNON, III** and the damages suffered by all Plaintiffs herein.

10. Based on the duties owed by Defendants to Plaintiffs, Defendants committed various acts and were guilty of various omissions which were negligence and gross negligence and which were a proximate cause of the injuries and damages suffered by Plaintiffs in an amount in excess of the minimum jurisdictional limits of the Court and for which they sue. Each of these negligent acts or omissions, taken singularly or in combination with others, either named herein or as yet unknown to Plaintiffs, were the proximate cause of the damages suffered by Plaintiffs and for which they sue.

## VII.

11. Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

12. At all times material hereto Defendant GILLMAN, LTD., was a dealer in motor vehicles. At all such times Defendant HONDA AND AMERICAN HONDA were manufacturers of such vehicles and held itself out to the public as having knowledge or skill peculiar to the business of vehicle manufacture and design. Both Defendants, as merchants, expressly and impliedly warranted that the vehicle purchased by **DANIEL EDWARD SHANNON, III** was merchantable and fit for safe use as transportation. Particularly, Defendants warranted that the vehicle would be reasonably fit for the ordinary purpose for which it was to be used and would pass without objection in the trade.

13. At the time it was manufactured and at all times thereafter, the vehicle in question was not as warranted, but was defective as herein described. It was not fit for the purpose for which it was to be used, and it would not pass without objection in the trade.

14. Pursuant to Sections 2.313, 2.314 and 2.315 Texas Business and Commerce Code, Ann. (UCC) and other applicable law, Defendants have breached both expressed and implied warranties in the sale and marketing of the vehicle in question.



# CERTIFIED COPY

15. Defendant HONDA AND AMERICAN HONDA, acting through its agent Defendant GILMAN LTD, and any other sellers of the vehicle knew the purpose for which the vehicle in question was to be used and knew that purchasers such as Plaintiff Shannon was relying on Defendant's alleged skill and judgment to select and furnish a suitable vehicle for use by consumers and drivers.

16. The vehicle was defective and unfit for the use for which it was intended and contemplated by drivers of the vehicle. Moreover, such vehicle would not pass without objection in trade or commerce and would not pass without objection from any buyer learning of its particular defect, considering the description of the vehicle provided by Defendants.

17. By reason of the breaches of warranty by Defendants, Plaintiffs have been damaged in an amount, which exceeds the minimum jurisdictional limits of the Court and for which they sue.

## VIII.

18. Plaintiffs incorporate by reference as if set forth at length all of the above set forth factual allegations.

19. At the time that the vehicle in question was advertised and sold there was no warning given as to the defects in the vehicle or that they could cause injuries and/or death such as those which were suffered by Plaintiffs nor were there any warning device installed in the vehicle to warn users that the door latch was defective. The failure by Defendants to provide such warnings was a proximate cause of the death for which Plaintiff sue in an amount in excess of the minimum jurisdictional limits of the court.

## IX.

20. Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

SCANNED
MAY 1 8 2004

# CERTIFIED COPY

21. Plaintiffs would show that the 1992 Honda Civic vehicle in question was in substantially the same condition and had undergone no substantial change on the day of the accident and on the day in which it was sold. The vehicle had never been altered. Plaintiffs therefore invoke the Doctrine of Strict Liability in Tort as set forth in Section 402A, Restatement (Second) of Torts (1965) and other applicable law. Defendants placed said vehicle into the stream of commerce herein. At all times material hereto the vehicle was in a defective and unreasonably dangerous condition, as hereinabove alleged, and which condition was the producing cause of the damages suffered by Plaintiffs herein.

## X.
## RES IPSA LOQUITUR

22. Plaintiffs reallege herein the factual allegations set forth above in their entirety.

23. Plaintiffs cannot more specifically allege the acts of negligent manufacture of design on the part of Defendant Honda for the reason that facts in that regard are peculiarly within the knowledge of these Defendants, and, in the alternative, in the event Plaintiffs are unable to prove specific acts of negligent design or manufacture, Plaintiffs rely on the doctrine of res ipsa loquitur. In this connection, Plaintiffs will show that the design, manufacture, and inspection of the 1994 Ford vehicle in question was within the exclusive control of Defendants HONDA and GILMAN LTD. Plaintiffs have no means of ascertaining the method or manner in which the product was designed and manufactured, or of ascertaining whether each part was in a safe condition and it came into the possession of Plaintiff Shannon and came to be used by Plaintiff Shannon in the same condition it was in when it left the control of these Defendants.

SCANNED

MAY 1 0 2004

## CERTIFIED COPY

24. The occurrence causing harm to all Plaintiffs, as described above, was one, which, in the ordinary course of events, would not have occurred without negligence on the part of all or any one of the herein named Defendants. Thus, these Defendants were negligent in the design, manufacture, and marketing of the 1994 HONDA vehicle which negligence was a proximate cause of the death suffered by Plaintiff

### XI.

25. Plaintiffs incorporate herein by reference as if set forth at length all of the above set forth factual allegations.

26. Plaintiffs allege moreover that the conduct of Defendant HONDA as herein alleged as well as other acts and omissions as yet unknown to Plaintiffs were committed intentionally, recklessly and with total disregard for the rights, welfare and safety of Plaintiffs. Plaintiffs allege further that the actions and inactions of Defendant as well as the entirety of the circumstances surrounding the acts and omissions of Defendant either known or as yet unknown, establish a state of mind amounting to an actual conscious indifference for the rights, welfare, and safety of Plaintiffs herein in that such conduct amounts to more than a momentary thoughtlessness, inadvertence, or error of judgment. All such conduct constitutes gross negligence, which entitles Plaintiff to a recovery of exemplary damages as may be determined by the trier of fact and for which they sue.

27. Defendant HONDA was aware of the unreasonable risk of harm that their vehicles posed to those using said vehicles, but have done nothing to design and manufacture vehicles to reduce the risk of harm or to warn of the risks involved in the use of such vehicles. Defendant FORD has acted with heedless and reckless disregard to the rights and welfare of the public, which conduct demonstrates a conscious indifference to the safety of others, and for which the imposition of

---

SCANNED

MAY 1 8 2004

## CERTIFIED COPY

exemplary damages is warranted. Moreover, Plaintiffs would show Defendant's conduct was specifically intended by Defendant to cause substantial injury to Plaintiffs, all of which conduct constitutes malice for which Plaintiffs are entitled to the imposition of exemplary damages as may be found by the trier of fact without limitation, and for which they sue.

## XII.
## JURY DEMAND

28. Plaintiffs hereby make t request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposit with the District Clerk of Cameron County, Texas the requisite jury fee of THIRTY AND NO/100THS ($30.00) DOLLARS.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that on trial hereof Plaintiffs have:

1. Judgment against Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional limits of the Court;

2. Pre-judgment interest as provided by law, at the highest rate until the time of trial;

3. Exemplary damages as may be found by the trier of fact, together with post-judgment interest at the highest legal rate as provided by law, until paid;

4. Interest on the judgment at the highest legal rate as provided by law until paid;

5. Attorney's fees;

6. Punitive damages;

7. Costs of suit;

8. Such other and further relief both in law and in equity to which Plaintiffs may be justly entitled.

SCANNED

MAY 1 0 2004

## CERTIFIED COPY

Respectfully submitted,
**R. W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone:      (956) 546-5556
Telecopier:      (956) 546-0470

R. W. Armstrong
TBA 01323500
**ATTORNEYS FOR PLAINTIFFS**



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

MAY 2 0 2004

Reynaldo Lopez Jr.

BY_____
DEPUTY

SCANNED
MAY 1 0 2004

NO. 2004-04-2321-B

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD | § | IN THE DISTRICT COURT |
| SHANNON, III, DECEASED, BY AND | § | |
| THROUGH BARBARA SALISBURY, | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| DANIEL EDWARD SHANNON, III, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 138th JUDICIAL DISTRICT |
| | § | |
| HONDA MOTOR COMPANY, LTD., | § | |
| AMERICAN HONDA MOTOR CO., INC., & | § | |
| GILLMAN HONDA n/k/a GILLMAN, LTD., | § | |
| Defendants. | § | CAMERON COUNTY, TEXAS |

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOTICE is hereby given that Defendant American Honda Motor Co., Inc.'s Notice of

Removal has on this day been filed in the United States District Court for the Southern

District of Texas, Brownsville Division, and that this cause has been removed from the

138th Judicial District Court of Cameron County, Texas, to the United States District Court

for the Southern District of Texas, Brownsville Division, for trial and determination of all

issues.

Respectfully submitted,

Jeffrey S. Hawkins
State Bar No. 09249100
Direct Dial No. (210) 477-7402

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

THE ESTATE OF DANIEL EDWARD §
SHANNON, III, DECEASED, BY AND §
THROUGH BARBARA SALISBURY, §
ADMINISTRATOR OF THE ESTATE OF §
DANIEL EDWARD SHANNON, III, §
§
Plaintiffs, §
§
§    CIVIL ACTION NO. B-04-088﹀
v. §
§
§
HONDA MOTOR COMPANY, LTD., §
AMERICAN HONDA MOTOR CO., INC. & §
GILLMAN HONDA n/k/n GILLMAN, LTD., §
§
Defendants. §

## SUPPLEMENT TO JS 44 CIVIL COVER SHEET

Was Jury Demand made in State Court?  **X**  Yes  ___  No

If "yes", by which party, and on what date?

   Plaintiffs                          April 30, 2004
PARTY                              DATE

## STYLE OF ORIGINAL PETITION

(Please include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including the area code.)

Plaintiffs:

        The Estate of Daniel Edward Shannon, III, Deceased,
        By and Through Barbara Salisbury, Administrator of
        The Estate of Daniel Edward Shannon, III



**LAWYER**
**BOARD CERTIFIED**
PERSONAL INJURY LAW

∞

May 6, 2004

Hon. Aurora de la Garza
**DISTRICT CLERK, CAMERON COUNTY**
974 E Harrison
Brownsville, Texas 78520

<u>Hand Delivery</u>

Re:   Cause  #  **2004-04-2321-B:  BARBARA  SALISBURY  AS
ADMINISTRATOR  OF  THE  ESTATE  OF  DANIEL  EDWARD
SHANNON, III, AND DANIEL EDWARD SHANNON, JR. vs. HONDA
MOTOR  COMPANY  AND  AMERICAN  HONDA  AND  GILLMAN
HONDA .K.N GILLMAN, LTD.**

Dear Mrs. de la Garza:

Enclosed herewith please find (1) original and (4) four copies of the
following documents, which are being submitted to your office for filing
purposes in the above-referenced cause of action:

**Plaintiffs' First Amended Original Petition;**

**Please prepare (3) citations in the name of the following;**

**Honda Motor Company by serving their registered agent
at C.T. Corporation System, 350 North St. Paul Street,
Dallas, Texas 75201;**

**American Honda Motor Co., Inc., by serving their
registered agent at C.T. Corporation System, 350 North St.
Paul Street, Dallas, Texas 75201;**

**GILLMAN HONDA now known as GILLMAN, LTD.,
registered agent Mr. Ramsey H. Gillman, 10595 West Sam
Houston Parkway South, Houston, Texas 77099.**

We request that you file the originals and file-stamp our copy.

Thank you in advance for your prompt attention to this matter.

Very truly yours,

Homer Manautou
Legal Assistant

*5-6-04
Done
Rmo*

RWA/hm
Enclosure
Xc: Barbara Salisbury

✉

**2600 OLD ALICE RD.**
**BROWNSVILLE, TX.**
**78521-1450**

☎

**956-546-5556**
**FAX 546-0470**

*5-6-04
Given to Billy Lopez
to do the service.*

**SCANNED**

**MAY 0 7 2004**

## CERTIFIED COPY

**FILED** 10:45 ___O'CLOCK___
AURORA DE LA GARZA DIST. CLERK
**MAY 0 6 2004**
_____DEPUTY

### CAUSE NO.:2004-04-2321-B

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD | § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| SHANNON, III, DECEASED, BY AND | § | |
| THROUGH BARBARA | § | |
| SALISBURY ADMINISTRATOR of the Estate | | |
| OF DANIEL EDWARD SHANNON,III | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| HONDA MOTOR COMPANY, LTD., | § | |
| AMERICAN HONDA MOTOR CO., INC., | § | |
| & GILLMAN HONDA n/k/n GILLMAN, LTD | § | <u>138th</u> JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED by and through BARBARA SALISBURY AS ADMINISTRATOR & DANIEL EDWARD SHANNON, JR.,** and files this their Plaintiffs' First Amended Original Petition pursuant to 71.004 Tex.Civ.Prac.Rem.C. for the wrongful death of **DANIEL EDWARD SHANNON, III,** Deceased, hereinafter referred to as "Plaintiffs" complaining of Defendants **HONDA MOTOR COMPANY, LTD.,** (hereinafter Defendant "*HONDA*"); **AMERICAN HONDA MOTOR CO., INC.** (hereinafter Defendant "*AMERICAN HONDA*"), **& GILLMAN HONDA n/k/n GILLMAN, LTD** (hereinafter Defendant "*GILLMAN*"),* and for cause of action would respectfully show the following:

### I.

### PARTIES

a.    Plaintiff Barbara Salisbury as administrator of the estate of **DANIEL EDWARD SHANNON, III, AND AS NEXT FRIEND OF DANIEL EDWARD SHANNON, JR.,** and are entitled to bring this action pursuant to Civil Practice & Remedies Code Section 71.004 *et seq.*

# SCANNED

**MAY 0 7 2004**

# CERTIFIED COPY

b.  Defendant **HONDA MOTOR COMPANY** is a Japanese corporation authorized to do business in the State of Texas. Defendant may be served with process by serving its registered agent C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

c.  Defendant **AMERICAN HONDA MOTOR CO., INC.,** is a California corporation authorized to do business and doing business in the state of Texas. Defendant may be served with process by serving its registered agent C.T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

d.  Defendant **GILLMAN HONDA** now known as **GILLMAN, LTD.**, is in the business of selling Honda automobiles in Houston, Harris County, Texas. **GILLMAN LTD.**, may be served with process through its registered agent Mr. Ramsey H. Gillman, 10595 West Sam Houston Parkway South, Houston, Texas 77099. Service is requested on this Defendant pursuant to Rule 106(a)(2) of the Texas Rules of Civil Procedure, by United States Certified Mail, Return Receipt Requested.

## II.
## JURISDICTION AND VENUE

This action is brought within the time provided by law for the wrongful death of **DANIEL EDWARD SHANNON, III**, Deceased, who died as a result of an accident, which occurred on or about May 1, 2002, near Los Fresnos, Cameron County, Texas. Plaintiffs are also entitled to bring this action on behalf of all those entitled to recover pursuant to *71.004 Tex.Civ.Prac.Rem.C. for the wrongful death of **DANIEL EDWARD SHANNON, III.** on behalf of the Estate of **DANIEL EDWARD SHANNON, III**, Deceased. Liability under the Act is established pursuant to *71.002(a), (b), and (d).

**SCANNED**

**MAY 0 7 2004**

## CERTIFIED COPY

3.    Venue is properly maintained in Cameron County, Texas, pursuant to Sections 15.002, 15.005 and 15.006 Civil Practice & Remedies Code Annotated (1996).

### III.
### FACTS COMMON TO ALL CAUSES OF ACTION

4.    On or about May 1, 2002, **DANIEL EDWARD SHANNON, III**, *(the driver)* was traveling northbound on FM 1847 approaching the intersection of Kretz Rd. in Los Fresnos, Texas, in his 1992 Honda Civic.

5.    **DANIEL EDWARD SHANNON, III**, suddenly became involved in a violent collision, which caused his untimely death due to the uncrashworthiness of his 1992 Honda Civic.

6.    At all times relevant herein, the vehicle **DANIEL EDWARD SHANNON, III**, was driving was owned by **DANIEL EDWARD SHANNON, III**.

7.    Furthermore, the 1992 Honda Civic vehicle in question was defective and unreasonably dangerous at the time it was sold by Defendants and placed into the stream of commerce. The 1992 Honda Civic was designed, manufactured and sold by Defendant **HONDA**, and was sold by Defendant **GILLMAN**, to the deceased **DANIEL EDWARD SHANNON, III**.

### IV.

8.    Plaintiffs incorporate by reference the factual allegations set forth above as if set forth herein in their entirety.

9.    Defendants **HONDA AND AMERICAN HONDA** and **GILLMAN, LTD**, were negligent, grossly negligent and negligent per se in the design, manufacture, marketing and sale of the vehicle in question, in their failure, refusal, and neglect to provide post marketing notices of the dangerous condition of the vehicle even when it was known that the vehicle was defective. The negligence, gross negligence and negligence per se of these Defendants was a proximate cause of the death suffered by **DANIEL EDWARD SHANNON, III** and the damages suffered by all Plaintiffs herein.

SCANNED

MAY 0 7 2004

Dated this _____ day of May, 2004.

Respectfully submitted,

Jeffrey S. Hawkins (Attorney in Charge)
State Bar No. 09249100
Southern District of Texas Bar No. 8962
Direct Dial No. (210) 477-7402

David M. Prichard (Of Counsel)
State Bar No. 16317900
Southern District of Texas Bar No. 0616
Direct Dial No. (210) 477-7401

PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Telefax: (210) 477-7450

ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.

## CERTIFICATE OF SERVICE

This to certify that a true and correct copy of the foregoing has been forwarded this 27th day of **May, 2004**, via *certified mail, return receipt requested,* to the following:

Mr. R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

Jeffrey S. Hawkins

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED, BY AND THROUGH BARBARA SALISBURY, ADMINISTRATOR OF THE ESTATE OF DANIEL EDWARD SHANNON, III,<br><br>Plaintiffs,<br><br>v.<br><br>HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR CO., INC. & GILLMAN HONDA n/k/n GILLMAN, LTD.,<br><br>Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. B-04-088 _____ |

## JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now, American Honda Motor Co., Inc., a defendant in the above-styled and numbered cause, and respectfully demands that this case be tried before a jury.

Respectfully submitted,

Jeffrey S. Hawkins (Attorney in Charge)
State Bar No. 09249100
Southern District of Texas Bar No. 8962
Direct Dial No. (210) 477-7402

David M. Prichard (Of Counsel)
State Bar No. 16317900
Southern District of Texas Bar No. 0616
Direct Dial No. (210) 477-7401

PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Telefax: (210) 477-7450

ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.

## CERTIFICATE OF SERVICE

This to certify that a true and correct copy of the foregoing has been forwarded this _2⁷ᵗʰ_ day of **May, 2004,** via ***certified mail, return receipt requested,*** to the following:

Mr. R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

Jeffrey S. Hawkins

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED, BY AND THROUGH BARBARA SALISBURY, ADMINISTRATOR OF THE ESTATE OF DANIEL EDWARD SHANNON, III, | §<br>§<br>§<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. B - 0 4 - 0 8 8 |
| HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR CO., INC. & GILLMAN HONDA n/k/n GILLMAN, LTD., | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## INDEX OF MATTERS BEING FILED

In Cause No. 2004-04-2321-B, filed in the 138th Judicial District Court of Cameron County, Texas:

1. Copy of Plaintiffs' Original Petition
2. Copy Plaintiffs' First Amended Original Petition
3. Copy of Citation to American Honda Motor Co., Inc.
4. Copy of Court's Docket Sheet
5. Notice of Removal

In Civil Action No. _____, In the United States District Court, Southern District of Texas, Brownsville Division:

1. Notice of Removal
2. Civil Cover Sheet
3. Supplement to JS44 Civil Cover Sheet
4. Jury Demand
5. American Honda Motor Co., Inc.'s List of Counsel of Record
6. Index of Matters Being Filed

Respectfully submitted,

Jeffrey S. Hawkins (Attorney in Charge)
State Bar No. 09249100
Southern District of Texas Bar No. 8962
Direct Dial No. (210) 477-7402

David M. Prichard (Of Counsel)
State Bar No. 16317900
Southern District of Texas Bar No. 0616
Direct Dial No. (210) 477-7401

PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Telefax: (210) 477-7450

ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.

## CERTIFICATE OF SERVICE

This to certify that a true and correct copy of the foregoing has been forwarded this 27th day of **May, 2004**, via ***certified mail, return receipt requested,*** to the following:

Mr. R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

Jeffrey S. Hawkins