United States District Court
Southern District of Texas
FILED

MAY 2 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| THE ESTATE OF DANIEL EDWARD SHANNON, III, DECEASED, BY AND THROUGH BARBARA SALISBURY, ADMINISTRATOR OF THE ESTATE OF DANIEL EDWARD SHANNON, III | § § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | CIVIL ACTION NO. B-04-088 |
| HONDA MOTOR COMPANY, LTD., AMERICAN HONDA MOTOR CO., INC. & GILLMAN HONDA n/k/n GILLMAN, LTD., | § § § § | |
| Defendants. | § | |

### AMERICAN HONDA MOTOR CO., INC.'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now, American Honda Motor Co., Inc. (hereinafter "AHM"), a defendant in the above-styled and numbered cause, and in response to Plaintiffs' First Amended Original Petition, makes and files its original answer and as grounds for such would respectfully show the Court as follows:

### I.
### PARTIES

a.   AHM is without sufficient information at this time to either admit or deny that plaintiff Barbara Salisbury is Administrator of the Estate of Daniel Edward Shannon, III and Next Friend of Daniel Edward Shannon, Jr. Further, AHM is without sufficient information at this

time to determine whether or not Barbara Salisbury as Administrator of the Estate of Daniel Edward Shannon, III and as Next Friend of Daniel Edward Shannon, Jr. are statutory beneficiaries under §71.004 of the Texas Civil Practice & Remedies Code and entitled to bring this action and, therefore, denies that allegation.

b.  Upon information and belief, AHM admits that Honda Motor Co., Ltd. (incorrectly named Honda Motor Company) is a Japanese Corporation. AHM denies, upon information and belief, that Honda Motor Co., Ltd. does business in the state of Texas. Further, AHM denies, upon information and belief that, Honda Motor Co., Ltd. may be served with process by serving C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. AHM states that process of service of Honda Motor Co., Ltd. is appropriate pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Criminal Matters.

c.  AHM admits that it is a California corporation and that services of process is proper by serving its registered agent in Texas, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

d.  AHM admits, upon information and belief, that Gillman Honda now known as Gillman Ltd., is in the business of selling Honda automobiles in Houston, Harris County, Texas. AHM is without sufficient information at this time to either admit or deny that Gillman Ltd. may be served with process through Mr. Ramsey H. Gillman, 10595 West Sam Houston Parkway South, Houston, Texas 77099, and, therefore denies that allegation.

## II.
## JURISDICTION

AHM admits that Plaintiffs' Original Petition was filed within the two-year statute of limitations in connection with the May 1, 2002 automobile accident involving the decedent, Daniel Edward Shannon, III, which occurred near Los Fresnos, Cameron County, Texas. AHM denies that the death of Daniel Edward Shannon, III, was caused by any negligence of this defendant by either commission or omission. Further, AHM denies that plaintiffs are entitled to recover damages from this defendant. AHM is without sufficient information to admit or deny if plaintiffs are entitled to bring this action on behalf of all those entitled to recover pursuant to §71.004 of the Texas Civil Practice & Remedies Code for the wrongful death of Daniel Edward Shannon, III, and, therefore, denies those allegations.

3. AHM denies that venue is proper in district court in Cameron County, Texas. AHM states that venue is proper in the United States District Court for the Southern District of Texas, Brownsville Division, as set forth in its Notice of Removal.

## III.
## FACTS COMMON TO ALL CAUSES OF ACTION

4. AHM admits that on or about May 1, 2002, Daniel Edward Shannon, III was traveling northbound on FM 1847 approaching the intersection of Kretz Road in Los Fresnos, Texas, in his 1992 Honda Civic.

5. AHM admits that Daniel Edward Shannon, III was involved in an accident and sustained fatal injuries. AHM denies that the accident and injuries sustained by Daniel Edward Shannon, III were caused by any negligence of this defendant by either commission or omission. This defendant specifically denies that the 1992 Honda Civil was uncrashworthy.

6. AHM is without sufficient information at this time to admit or deny the allegation contained within Paragraph III. 6. of Plaintiffs' First Amended Original Petition and, therefore, denies that allegation.

7. AHM denies the allegations contained in Paragraph III. 7. of Plaintiffs' First Amended Original Petition as they relate to any defect or unreasonably dangerous condition of the 1992 Honda Civic vehicle in question. AHM denies any defect of the 1992 Honda Civic. Further, AHM denies that it designed or manufactured the 1992 Honda Civic. AHM admits that it distributed the vehicle in question. AHM is without sufficient information at this time to admit or deny that Gillman, Ltd. sold the 1992 Honda Civic to the decedent, Daniel Edward Shannon, III and, therefore, denies that allegation.

IV.

8. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

9. AHM denies the allegations contained within Paragraph IV. 9. of Plaintiffs' First Amended Original Petition.

10. AHM denies the allegations contained in Paragraph IV. 10. of Plaintiffs' First Amended Original Petition.

VII.

11. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

12. Upon information and belief, AHM admits that Gillman Honda, now known as Gillman, Ltd. was a dealer in motor vehicles. AHM denies that AHM manufactures vehicles and holds

itself out to the public as having knowledge or skill peculiar to the business of vehicle manufacture and design. AHM admits that it distributed the 1992 Honda Civic vehicle in question and warranted that the vehicle was merchantable and fit for the ordinary purpose for which it was to be used. AHM is without sufficient information at this time to admit or deny that the vehicle was purchased by Daniel Edward Shannon, III and, therefore, denies that allegation.

13. AHM denies the allegations contained in Paragraph VII. 13. of Plaintiffs' First Amended Original Petition.

14. AHM denies the allegations contained in Paragraph VII. 14. of Plaintiffs' First Amended Original Petition.

15. AHM denies that Gillman, Ltd. is its agent. AHM is without sufficient information to admit or deny that any other sellers of the vehicle knew the purpose for which the vehicle in question was to be used and knew that purchasers such as Daniel Edward Shannon, III was relying on defendant to select and purchase a suitable vehicle for use by consumers and drivers and, therefore, AHM denies said allegations.

16. AHM denies the allegations contained within Paragraph VII. 16. of Plaintiffs' First Amended Original Petition.

17. AHM denies the allegations contained within Paragraph VII. 17. of Plaintiffs' First Amended Original Petition. AHM further denies that plaintiffs are entitled to recover any damages from this defendant.

## VIII.

18. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

19. AHM denies any defect of the 1992 Honda Civic vehicle in question and, further, denies that the vehicle caused the fatal injuries sustained by the decedent. AHM further denies any negligence of this defendant by either commission or omission. Further, AHM denies that plaintiffs are entitled to damages from this defendant.

## IX.

20. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

21. AHM is without sufficient information to admit or deny that the vehicle was in the same condition, had undergone no substantial change and had never been altered and, therefore, denies said allegations. AHM admits that it distributed the 1992 Honda Civic vehicle in question. AHM denies that the 1992 Honda Civic was defective and unreasonably dangerous and was a producing cause of any damages of plaintiffs. AHM specifically denies that it is strictly liable for the damages, if any, suffered by plaintiffs.

## X.
## RES IPSA LOQUITUR

22. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

23. AHM denies any negligence of this defendant by either commission or omission. AHM further denies that the 1992 Honda Civic vehicle in question was within the exclusive control of this defendant at all relevant times. AHM is without sufficient information at this

time to admit or deny whether the vehicle was in the same condition when it left the control of AHM as when it came into the possession of the decedent and, therefore, denies said allegations. AHM specifically denies any defect of the 1992 Honda Civic vehicle in question and denies that the vehicle was the cause of the fatal injuries of the decedent.

24. AHM denies the allegations contained within Paragraph X. 24. of Plaintiffs' First Amended Original Petition.

### XI.

25. AHM re-pleads, re-states and re-answers the previous paragraphs above as if set forth fully herein.

26. AHM denies the allegations contained within Paragraph XI. 26. of Plaintiffs' First Amended Original Petition.

27. AHM denies the allegations contained within Paragraph XI. 27. of Plaintiffs' First Amended Original Petition.

28. AHM denies the allegations contained within Paragraph XI. 28. of Plaintiffs' First Amended Original Petition. AHM denies that plaintiffs are entitled to recover any damages from this defendant.

### XII.

29. AHM denies the allegations contained within Paragraph XII. 29. of Plaintiffs' First Amended Original Petition as they relate to any negligence of this defendant by either commission or omission. AHM specifically denies that this defendant is strictly liable for the damages, if any, suffered by plaintiffs. Further, this defendant denies that the plaintiffs are entitled to recover any damages from this defendant.

## XIII.
## DAMAGES TO DECEDENT

30. AHM is without sufficient information at this time to admit or deny that the decedent sustained the injuries to the extent alleged and, therefore, denies said allegations. AHM specifically denies that the injuries of Daniel Edward Shannon, III were caused by any negligence of this defendant by either commission or omission.

## XIV.
## DAMAGES TO PLAINTIFFS

31. AHM denies the allegations contained within Paragraph XIV. 31. of Plaintiffs' First Amended Original Petition as they relate to any negligence of this defendant by either commission or omission. AHM specifically denies that it is liable to plaintiffs and that plaintiffs are entitled to recover any damages from this defendant.

31. a. As to Paragraph XIV. 31. a. of Plaintiffs' First Amended Original Petition, AHM is without sufficient information to admit or deny the allegations contained therein and, therefore, denies said allegations. AHM specifically denies any negligence of this defendant by either commission or omission and denies that plaintiffs are entitled to recover any damages from this defendant.

31. b. As to Paragraph XIV. 31. b. of Plaintiffs' First Amended Original Petition, AHM is without sufficient information to admit or deny that plaintiffs have sustained the damages to the extent alleged and, therefore, denies said allegations. AHM specifically denies that plaintiffs are entitled to recover any damages from this defendant. This defendant specifically denies that it acted with intent or malice at any time and denies that plaintiffs are entitled to an award of exemplary damages in this case.

## XV.
## JURY DEMAND

32. AHM also hereby demands a trial by jury.

### PRAYER

AHM denies plaintiffs are entitled to any of the damages listed in plaintiffs' prayer or that AHM is liable for any such damages. AHM specifically denies that plaintiffs are entitled to the relief sought in the prayer of Plaintiffs' First Amended Original Petition.

### AFFIRMATIVE DEFENSES

AHM was only recently notified of this accident and has not had an opportunity to fully investigate the facts, inspect the subject vehicle or its components, inspect the accident scene, or fully evaluate the plaintiffs' alleged damages. AHM raises the following affirmative defenses based upon facts and information available at the time this answer is required to be filed.

#### First Defense

As a separate and alternative affirmative defense, AHM states that the acts and damages alleged in Plaintiffs' First Amended Original Petition, which damages are specifically denied, were the proximate result of acts and/or omissions of third parties not known to or in the employ of this defendant, thereby barring recovery herein.

#### Second Defense

As a separate and alternative affirmative defense, AHM states that damages to plaintiffs, which are specifically denied, were the proximate result of an independent, intervening cause of force, thereby barring recovery herein.

### Third Defense

As a separate and alternative affirmative defense, AHM states that others were negligent in failing and neglecting to exercise that degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances and that this negligence was the proximate cause and/or sole cause of the plaintiffs' alleged damages, which damages are specifically denied.

### Fourth Defense

As a separate and alternative affirmative defense, AHM states this case is governed by the Texas Law of Comparative fault and defendant is liable only for its percentage of fault, which fault is specifically denied.

### Fifth Defense

As a separate and alternative affirmative defense, AHM states that the plaintiffs herein suffered no damage as the result of this defendant's acts, if any.

### Sixth Defense

As a separate and alternative affirmative defense, AHM states that the plaintiffs may have failed to mitigate those damages requested in the complaint, which damages defendant specifically denies.

### Seventh Defense

As a separate and alternative affirmative defense, AHM states that the subject vehicle was suited for the purposes for which it was manufactured and intended by this defendant.

### Eighth Defense

As a separate and alternative affirmative defense, AHM states that the alleged defects in the subject vehicle, which defects are specifically denied, were not a substantial contributing factor or proximate cause of plaintiffs' alleged damages, which damages are specifically denied.

### Ninth Defense

AHM respectfully demands that a jury be impaneled to try the factual issues in this case.

### Tenth Defense

Plaintiffs' alleged injuries may have resulted from the abuse, misuse, modification and/or alteration of the subject vehicle after it left the care, custody and control of AHM.

### Eleventh Defense

This defendant reserves the right to further amend its answer, subject to obtaining leave of this Court, at such time as its discovery and investigation have been completed.

### Twelfth Defense

Further answering, AHM states that the imposition of punitive damages against it in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

a. Due process requires proof of gross negligence and exemplary damages by a standard greater than "the preponderance of the evidence" standard. Due process requires proof of such claims at least by a clear and convincing standard of proof.

b. The assessment of exemplary damages, a remedy that is essentially criminal in nature, without safeguards greater than that afforded by the Texas Civil Procedure and Law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

c.  Assessment of the amount of exemplary damages must be in accordance with constitutional limitations. These constitutional limitations as recognized by the United States Supreme Court are not adequately imposed by Texas statutes. Any award of exemplary or punitive damages that is disproportionate to the award of compensatory damages (if any) is unconstitutional under the Fifth and Eighth Amendments.

d.  Exemplary damages under Texas procedure and law constitutes an excessive fine and violation of the Eighth Amendment of the Constitution of the United States.

e.  Any award of exemplary damages under Texas law without bifurcating the trial and trying all exemplary damages issues only if and after liability on the merits has been found, would violate defendant's due process right guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution, and would be improper under common law and public policies of the State of Texas.

f.  An award of exemplary damages under Texas law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size, of a exemplary damage award, that (2) is not adequately instructed on the limits of exemplary damages imposed by Texas law and well-defined principles of deterrence and punishment, and that (3) if not expressly prohibited from awarding exemplary damages, in whole or in part, on the basis of discriminatory characteristics, including the wealth and corporate status of defendant; would violate defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

g.  Any award of punitive damages that takes into account conduct, products or product sales outside the State of Texas is a violation of Defendants' rights under the Due Process Clause and Equal Protection Clause of the United States Constitution.

h.  Due process does not permit a court to calculate punitive damages based on other persons' claims or hypothetical claims against a defendant under the guise of culpability or reprehensibility analysis. An award of punitive or exemplary damages may not be based on any consideration of any wrong other than the alleged wrong done to the plaintiffs.

i.  Any analysis of a defendants' conduct for the purpose of determining punitive or exemplary damages must also take into account (1) the extent to which the product met or exceeded government standards, (2) the extent to which a product complied with industry standards, (3) the extent to which a defendant had notice

that a particular product would be found defective, (4) whether the defendant had legitimate grounds on which to conclude that its conduct was lawful and that the product was not defective as alleged by Plaintiff, and (5) the nature and amount, if any, of monetary criminal penalties that would be applicable to the alleged conduct under enactments by the Legislature of Texas or the United States Congress and its authorized agencies.

j. Any assessment of punitive or exemplary damages based on evidence of the wealth or size of the defendant is a violation of Due Process and Equal Protection.

WHEREFORE, PREMISES CONSIDERED, defendant, American Honda Motor Co., Inc., respectfully prays that plaintiffs have and recover nothing of and from this defendant, and that this defendant recover all costs. AHM further respectfully prays for such further relief to which it may show itself justly entitled.

Respectfully submitted,

_____
Jeffrey S. Hawkins (Attorney in Charge)
State Bar No. 09249100
Southern District of Texas Bar No. 8962
Direct Dial No. (210) 477-7402

David M. Prichard (Of Counsel)
State Bar No. 16317900
Southern District of Texas Bar No. 0616
Direct Dial No. (210) 477-7401

PRICHARD, HAWKINS & YOUNG, L.L.P.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 477-7400
Telefax: (210) 477-7450

ATTORNEYS FOR DEFENDANT,
AMERICAN HONDA MOTOR CO., INC.

## CERTIFICATE OF SERVICE

This to certify that a true and correct copy of the foregoing has been forwarded this 27th day of **May, 2004**, via *certified mail, return receipt requested,* to the following:

Mr. R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

_____
Jeffrey S. Hawkins